# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-00190-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| CHARLENE OWEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The Court construes Defendant Charlene Owen's Letter as a Motion to Amend Sentence. (ECF No. 16).

On July 6, 2015, Defendant appeared before the Court and entered a guilty plea to one count of Theft of Government Property, in violation of 18 U.S.C. § 641. (*See* ECF No. 9).  The Court found Defendant competent to enter the plea, and made sure Defendant was aware of the consequences of pleading guilty.  At sentencing on November 3, 2015, this Court reviewed the Presentence Report and accepted Defendant's guilty plea. (*See* ECF No. 14).  Defendant was sentenced to twelve (12) months and one day of imprisonment, along with three (3) years of supervised release. (*Id.*).  Defendant was allowed to self-surrender on February 5, 2016.

After the Court enters judgment, criminal sentences can only be modified as "expressly permitted" by Rule 35 of the Federal Rules of Criminal Procedure. 18 U.S.C. § 3582(c); *see also Dolan v. United States*, 560 U.S. 605, 622 (2010) ("Once a sentence has been imposed, …, it is final, and the trial judge's authority to modify it is narrowly circumscribed.").  Rule 35 limits modifications to those "correct[ing] a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a).  Further, such amendment must be done within 14 days following sentencing. *Id.*

First, Defendant filed the instant motion on January 5, 2016, over 3 months after sentencing, making such motion untimely.  Additionally, Defendant requests a change in her sentence due to her husband's declining health. (Mot. to Amend Sentence 3–4, ECF No. 16). This request, however, does not fall under the narrow exceptions allowed by Federal Rule of Criminal Procedure 35. *See United States v. Aguirre*, 214 F.3d 1122, 1126 (9th Cir. 2000) ("Rule 35(c) is intended to permit the district court to correct obvious sentencing errors, but not to reconsider, to change its mind, or to reopen issues previously resolved under the guidelines, where there is no error." (internal quotation marks omitted)).  Accordingly, the Court denies Defendant's Motion to Amend Sentence, and Defendant shall self-surrender as specified by this Court's Judgment entered on November 5, 2015. (ECF No. 15).

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Sentence (ECF No. 16) is **DENIED**.

**DATED** this ___6___ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge